# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                     CASE NO: 3:17-cr-105-MMH-MCR

CHRISTIAN BANNISTER           ORDER ON MOTION FOR
                                                        SENTENCE REDUCTION UNDER
                                                        18 U.S.C. § 3582(c)(1)(A)

## **O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED WITHOUT PREJUDICE because the defendant has not shown that he has exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor has the defendant shown that 30 days have passed since he presented a request to the warden of his facility.

The statute's exhaustion requirement is a firm prerequisite to the filing of a motion for compassionate release in district court, which is not subject to judicially created exceptions. United States v. Alam, 960 F.3d 831, 833-36 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). In his

motion for compassionate release, Bannister provides no record or indication that, before filing the Motion, he requested compassionate release through the Bureau of Prisons' (BOP's) administrative channels. (See Doc. 63, Motion).

The need for Bannister to apply for compassionate release through the BOP is heightened because none of the grounds he raises for a sentence reduction is cognizable under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13 in the context of a motion filed by a defendant. Bannister requests compassionate release because (1) Covid-19 restrictions at his prison have created unusual hardships; (2) little programming is being offered at his facility and prison staff are overwhelmed; (3) Bannister has completed nearly half of his sentence, he has made significant progress toward rehabilitation, and he is committed to finding work and rejoining his family if released; and (4) Bannister does not believe that spending additional time in prison will promote rehabilitation. See Motion. However, none of these circumstances, alone or in combination, is an "extraordinary and compelling" reason to reduce a defendant's sentence, on his own motion, under U.S.S.G. § 1B1.13, cmt. 1. As the Eleventh Circuit has held, Section 1B1.13's definition of "extraordinary and compelling" reasons applies to defendant-initiated motions for compassionate release, "and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021).

Therefore, a defendant may obtain a sentence reduction on his own motion only if he demonstrates "extraordinary and compelling reasons" as defined by Application Note 1(A) (serious medical conditions), 1(B) (old age), or 1(C) (family circumstances). See Bryant, 996 F.3d at 1265 ("Because Bryant's motion does not fall within any of the reasons that 1B1.13 identifies as 'extraordinary and compelling,' the district court correctly denied his motion for a reduction of his sentence.").

That said, the BOP Director has the power to move for compassionate release for "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. 1(D). Thus, while Bannister cannot obtain compassionate release on his own motion for the reasons he states, the BOP Director may file a motion on his behalf for broader reasons. That underscores the need for Bannister to file an administrative request within the BOP for a sentence reduction. Accordingly, Defendant Christian Bannister's Motion for Compassionate Release (Doc. 63) is **DENIED WITHOUT PREJUDICE** pending exhaustion of administrative remedies.

**DONE AND ORDERED** in Jacksonville, Florida this 2nd day of September, 2021.

MARCIA MORALES HOWARD
United States District Judge

Lc 19
<u>Copies:</u>
Parties and counsel of record