**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                                   CASE NO: 3:17-cr-105-MMH-MCR

CHRISTIAN BANNISTER                                  ORDER ON MOTION FOR
                                                                     SENTENCE REDUCTION UNDER
                                                                     18 U.S.C. § 3582(c)(1)(A)

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[1]

☒ FACTORS CONSIDERED

Defendant Christian Bannister is a 32-year-old inmate incarcerated at Yazoo City Low FCI, serving a 120-month term of imprisonment for conspiracy to distribute and possess with intent to distribute 50 grams or more of

---

[1] The United States argues that there is no record of Bannister submitting a request for a reduction in sentence to the warden of his facility. (Doc. 69, Sealed Response at 5–6). Bannister states that, more than 30 days before he moved for compassionate release, he submitted an email and a BP-8 form to the warden of his facility requesting a reduction in sentence. (Doc. 65, Renewed Motion for Compassionate Release at 1). The Court assumes, for the sake of discussion, that Bannister has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

methamphetamine. (Doc. 55, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on April 22, 2026. Bannister seeks compassionate release because the BOP has not placed him in home confinement despite the COVID-19 pandemic and Bannister's health conditions. (Doc. 65, Renewed Motion for Compassionate Release). Bannister states that he has depression, borderline schizophrenia, bipolar disorder, latent tuberculosis (LTBI), multiple substance abuse disorders, and is a former smoker, all of which he contends put him at heightened risk of severe illness should he contract COVID-19. Id. at 4–5. He also states that he has a weakened immune system due to prolonged use of corticosteroids, which he uses to treat psoriasis. Id. at 5–6. The United States filed a sealed response, with exhibits, opposing the Renewed Motion. (Doc. 69, Sealed Response; Doc. 69-1 through 69-4, Sealed Exhibits).

A movant under § 3582(c)(1)(A) bears the burden of proving that a sentence reduction is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)). The statute provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements

issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit Court of Appeals instructs that U.S.S.G. § 1B1.13 is the applicable policy statement for all § 3582(c)(1)(A) motions, and that "a district court cannot grant a motion for reduction if it would be inconsistent with the [Sentencing] Commission's policy statement defining 'extraordinary and compelling reasons.'" United States v. Bryant, 996 F.3d 1243, 1247, 1249 (11th Cir.), cert. denied, 142 S. Ct. 583 (2021); see also U.S.S.G. § 1B1.13, cmt. 1 (defining "extraordinary and compelling reasons").[2] Notably, "[b]ecause the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). And, as the Third Circuit Court of Appeals has observed, COVID-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

---

[2]   Application Notes 1(A) through 1(C) provide that a terminal illness or a serious medical condition, old age, and certain family circumstances qualify as extraordinary and compelling reasons. Application Note 1(D) provides that extraordinary and compelling reasons exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."

Bannister has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. Contrary to Bannister's assertion that prolonged use of corticosteroids has weakened his immune system, the medical records contain no indication that he is considered immunocompromised. (See generally Doc. 69-2, Sealed Medical Records). Indeed, the medical records do not reflect that Bannister takes an oral corticosteroid to treat his psoriasis. Instead, Bannister is prescribed a topical corticosteroid cream called Triamcinolone. Id. at 34, 40. Although the long-term use of oral corticosteroids may increase the risk of infections, the same systemic risk is not associated with topical corticosteroids.[3]

The medical records and Presentence Investigation Report (PSR) do reflect that Bannister has bipolar disorder, LTBI, substance abuse disorders, and is a former marijuana smoker. See Sealed Medical Records at 28–29; (Doc. 49, PSR at ¶¶ 58–64). According to the Centers for Disease Control (CDC), tuberculosis (but not latent tuberculosis), substance abuse disorders, and being a former smoker can each increase the risk of severe illness from COVID-19.[4] Bannister also contends that his facility has failed to administer routine chest

---

[3]   Prednisone and other corticosteroids, The Mayo Clinic, available at https://www.mayoclinic.org/steroids/art-20045692.

[4]   https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

4

x-rays to monitor his LTBI, which he contends proves that his facility cannot provide appropriate medical care. Renewed Motion at 4.

However, the medical records show that Bannister's facility has offered him treatment and preventive care for LTBI, COVID-19, and other ailments, but Bannister has refused some of them. On November 9, 2021, Bannister was offered a course of INH/RPT[5] treatment for his LTBI but he declined it. Medical Records at 4, 42. Bannister "state[d] he [did] not want to take medication" at the time, even though "[t]reatment was recommended and [the clinician] carefully explained to patient the consequences and complications of failure to [accept] treatment." Id. at 4. Bannister also refused the COVID-19 vaccine, id. at 32, and signed a form acknowledging that he declined the vaccine, id. at 46. "[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release. The risk is self-incurred." United States v. Broadfield, 5 F. 4th 801, 803 (7th Cir. 2021); see also United States v. Reed, No. 21-12309, 2022 WL 333640, at *1 (11th Cir. Feb. 4, 2022) ("[T]he fact that Reed elected not to receive a COVID-19 vaccine

---

[5] "INH/RPT" refers to Isoniazid and Rifapentine, two medications that kill dormant tuberculosis bacteria before they can make the patient sick. Treatment for Latent Tuberculosis (TB) Infection Isoniazid and Rifapentine (INH-RPT), Minnesota Dep't of Health, available at https://www.health.state.mn.us/diseases/tb/basics/factsheets/inhrptltbi.html.

5

weighed against a finding of an extraordinary and compelling reason for release."). The emergence of the omicron variant of COVID-19, which can somewhat evade vaccine immunity, does not change this conclusion. According to the available data, vaccination still offers protection against serious illness, hospitalization, and death from several variants of coronavirus, including the omicron variant, even if vaccination does not prevent infection altogether.[6] Bannister's rejection of the COVID-19 vaccine is incongruent with his argument that the pandemic creates "extraordinary and compelling reasons" to reduce his sentence.

Moreover, the sentencing factors under 18 U.S.C. § 3553(a) do not currently support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. To date, Bannister has served approximately 57 months of his 120-month term of imprisonment, dating from his arrest on June 16, 2017. See PSR at ECF p. 1.[7] Bannister has incurred seven disciplinary infractions while in BOP custody, including three for the use or possession of drugs or alcohol. (Doc. 69-1, Sealed Disciplinary Record). In view of all the § 3553(a) factors, including the need to afford adequate deterrence and to provide Bannister with needed

---

[6] COVID-19 vaccines induce immune response to Omicron, National Institutes of Health (NIH), Feb. 15, 2022, available at https://www.nih.gov/news-events/nih-research-matters/covid-19-vaccines-induce-immune-response-omicron.

[7] Bannister's advisory guidelines range, disregarding the mandatory minimum sentence, called for a term of 87 to 108 months in prison. PSR at ¶ 74.

correctional treatment, a sentence reduction is not warranted at this time. The Court encourages Bannister to pursue all available vocational and educational training, and the Court reiterates its recommendation to the BOP that Bannister participate in the 500-hour intensive, residential substance abuse treatment program. Judgment (Doc. 55) at 2.

Finally, to the extent Bannister requests that the Court order the BOP to transfer him to home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Groover, 844 F. App'x 185, 188 (11th Cir. 2021); Touizer v. U.S. Att'y Gen., No. 21-10761, 2021 WL 3829618, at *2–3 (11th Cir. Aug. 27, 2021).

Accordingly, Bannister's Renewed Motion for Compassionate Release (Doc. 65) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of April, 2022.

MARCIA MORALES HOWARD
United States District Judge

lc 19
Copies:
Counsel of record
Defendant